FILED
 2010 Nov-22 AM 10:01
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **HANK SHANNON MULLINAX,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 4:10-cv-056-CLS |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION AND ORDER

Claimant, Hank Mullinax, commenced this action on January 12, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly applied the Eleventh Circuit's standard for evaluating subjective complaints of pain, and improperly evaluated claimant's credibility. Upon review of the record, the court concludes that these contentions are without merit.

To demonstrate that pain or another subjective symptom renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ properly applied this standard during the administrative hearing. He determined that claimant's medically determinable impairments could reasonably be

expected to cause the symptoms he alleged, but he nonetheless concluded that claimant's statements concerning the intensity, persistence and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity finding. The ALJ adequately articulated the reasoning behind this conclusion, focusing on the inconsistency of claimant's complaints with the medical evidence of record. The ALJ's conclusions were supported by substantial evidence.

Claimant asserts that both the ALJ and the medical expert who testified during the administrative hearing completely neglected to consider claimant's subjective complaints of pain. The record simply does not support that conclusion. The medical expert specifically stated that claimant had "chronic spinal pain, both cervical and lumbar-sacral" and "bilateral hand pain." He even opined that claimant's ability to use his hands to work would be limited because of his hand pain. Claimant's attorney chose not to question the medical expert during the administrative hearing.[1] Further, the ALJ assigned great weight to the medical expert's testimony in his administrative opinion, including the expert's description of claimant's spinal and hand pain.[2]

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.

---

[1] Tr. at 42-43.
[2] Tr. at 22.

Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 22nd day of November, 2010.

_____
United States District Judge